Argued October 18; affirmed November 10, 1932

## LOSKE *v.* ROTH et ux.

### (15 P. (2d) 718)

*John A. Heltzel* and *Geo. A. Rhoten,* both of Salem (Jas. G. Heltzel, of Salem, on the brief), for appellant.

*Wallace P. Carson* and *Allan G. Carson,* both of Salem (Carson & Carson, of Salem, on the brief), for respondents.

BELT, J.  This is a suit to establish a constructive trust in 30 acres of land which the plaintiff and her husband conveyed by deed to the defendant on September 16, 1929.  From a decree dismissing the suit, the plaintiff appeals.

The land in question was acquired by the plaintiff in a property settlement made in contemplation of divorce in 1919.  After the decree of divorce was obtained from her first husband, Gottlieb Roth, the plaintiff and her three children continued to reside on the farm.  The defendant, Elmer Roth, who is the son of plaintiff, was at that time about 19 years of age.  The mother and her son operated the farm under a sort of partnership agreement until the plaintiff married

August M. Loske in 1925. Elmer lived on the farm for about one year until he married. The second marriage of plaintiff was not successful and a separation occurred in 1929. In September, 1929, the conveyance in question was made, reserving to the mother a life estate. After divorce from her second husband, the plaintiff continued to reside on the farm and was in possession at time of trial.

The plaintiff asserts that the property was conveyed to her son, in whom she had great confidence, for the reason that she feared it would be "consumed or lost" in the divorce litigation then pending and that it was understood and agreed between her and the son that, after the divorce proceeding was terminated, he would reconvey to her. The trial court, who heard and saw the witnesses, did not believe such to be the reason for the conveyance. After reading the transcript of evidence, this court fully concurs in such conclusion.

It is far more probable that the deed was executed in consideration of the hard work which this young man had rendered in the operation of the farm. If the purpose of the deed was to prevent the husband from acquiring any interest in the land which the court might decree in the divorce proceeding, the plaintiff does not come with clean hands. If the deed was executed for the reason stated by plaintiff, why was a life estate reserved?

There are no questions of law involved. Cases cited by appellant are based upon an entirely different state of facts. It is needless to review them. Neither do we think a recital of the evidence would serve any good purpose. We are convinced that this son did not overreach or deal unfairly with his mother.

The decree of the lower court is affirmed.

BEAN, C. J., BROWN and CAMPBELL, JJ., concur.